IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VENDOR RESOURCE MANAGEMENT, § § | | |
| Plaintiff, § § | | |
| V. § § | No. 3:14-cv-1003-P-BN | |
| MICHAEL POPE, SR., ET AL., § § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned magistrate judge for screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. This action was removed from the County Court at Law No. 1, Tarrant County, to the Dallas Division of the United States District Court for the Northern District of Texas. Under the removal statute, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States <u>for the district and division embracing the place where such action is pending</u>." 28 U.S.C. § 1441(a) (emphasis added). The County Court at Law No. 1, Tarrant County, the state court in which the removed action was pending, is located in the Fort Worth Division of the Northern District of Texas. *See id.* § 124(a)(2). As a result, this action should have been removed to the Forth Worth Division of the United States District Court for the Northern District of Texas. *Accord*

-1-

*Fed. Nat'l Mortg. Ass'n v. Bullington*, No. 3:13-cv-3223-L-BN, 2013 WL 5340788 (N.D. Tex. Sept. 24, 2013).

## Recommendation

The Court should transfer this action to the Forth Worth Division of the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE